## No. 9731.

### MRS. B. MASON ET AL. VS. E. L. BEMISS.

| 38 | 935 |
| 51 | 809 |
| 51 | 976 |

When an assessor finds a person in the quiet possession of property, as owner under an apparent title purporting to be derived from a judicial sale, he is justified in assessing the property in the name of the person thus holding.

He is not required to examine the court records and investigate the proceedings pertaining to the title claimed and determine the question of its validity before acting.

When at a succession sale the widow in community and the tutrix of the minor heirs (sole heirs) purchases a piece of property that belonged to the community, in order to receive a valid title under the adjudication, she is not compelled to pay over the amount of her bid, provided she is properly charged with it in the account of the administrator and the money is not needed to pay the debts, and where it is shown that after the payment of the debts a balance remains, which is paid over to her by the agent or the one entitled to receive it.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*W. S. Benedict* and *H. C. Cage* for Plaintiffs and Appellees:

1. Title to real estate can neither be created or destroyed by parol evidence. 4 Martin, 475; 9 Rob, 414; 4 Ann. 229; 12 Ann. 54; 26 Ann. 445; 27 Ann. 198.

2. An assessment of property is similar to a judgment, and an assessment in the name of a wrong party not the owner of the property is equivalent to a judgment without citation, and any sale or execution under either is an absolute nullity and confers no right whatever upon the purchaser thereon. 24 Ann. 251; 32 Ann. 236, 925; 36 Ann. 392.

3. An assessment in a wrong name is equivalent to a judgment without a citation. It is an absolute nullity. 30 Ann. 295, 871; 32 Ann. 526; 29 Ann. 508; 32 Ann. 912; 28 Ann. 537; 34 Ann. 107, 123; 32 Ann. 526; 30 Ann. 175, 626, 959, 870; 29 Ann. 416, 112. 884; 33 Ann. 442; 14 Ann. 200; 12 Ann. 748; 11 Ann. 214.

4.   Where the assessment and tax sale thereunder are absolutely null and void, the tender of the interest, costs and penalties is not necessary before bringing any suit. 33 Ann. 529; 32 Ann. 926, 1292; 34 Ann. 706; 37 Ann. 356.

*Nicholls & Carroll* for Defendant and Appellant:

No tax sale can be annulled until the price paid, with ten per cent interest, be tendered to the purchaser. Const. art. 210; 28 Ann. 651; 24 Ann. 524; 33 Ann. 435.

An adjudication at probate sale shifts the title. C. C. 2608; 2 L. 501; C. C. 2623; 1 Ann. 201.

Where property is adjudicated to the surviving widow, and her bid figures in the administrator's account as cash, and, not being needed to settle the succession, the money is retained by her as surviving widow and usufructuary or natural tutrix—she and the administrator simply passing receipts—this transaction discharges the administrator, the title passes to the widow, and the recourse of the heirs must be against her in the final settlement. They cannot ignore the acts done by the widow or the adjudication which shifted the title. 12 Ann. 337; 30 Ann. 120; 24 Ann. 336.

A purchaser at judicial sale acquires a vested right, which is not divested until there be a final judgment ordering a resale at his risk. 13 Ann. 332; 23 Ann. 466.

If property be sold for taxes, and the owners do not redeem within one year, the purchaser acquires a complete title. Const. art. 210.

In a petitory action, plaintiff must win on the strength of his own, not on the weakness of his adversary's title. 10 M. 293; 12 R. 46; 11 Ann. 546; 22 Ann. 57.

Plaintiffs can never be granted more than they ask. 4 M. 289; 2 N. S. 241; 10 Ann. 487; 6 M. 525; 1 Hen., p. 731; Louque, p. 338, Nos. 2 and 3.

The purchaser at a tax sale, made regularly, is a purchaser in good faith, and even if his deed be set aside, is entitled to rents up to judicial demand, and to be reimbursed for improvements and taxes. 35 Ann. 1086; 37 Ann. 417; 38 Ann. 216; Sec. 47, Act 77 of 1880.

The opinion of the Court was delivered by

TODD, J.   This is a suit by the widow and heirs of Benjamin Mason, deceased, to recover certain immovable property described in the petition, and to annul a tax sale to the defendant in possession.

Benjamin Mason died on the 1st of May, 1860. In December of the same year the real estate of the succession was sold on the application of the administrator, to pay debts.

The property in dispute was part of his estate, and which said deceased owned at the time of his death.

It was subsequently sold to pay the taxes owing thereon, and at the sale, on the 29th of March, 1884, it was adjudicated to the defendant.

The main ground of nullity charged in the petition against this tax sale is that the property was not assessed in the name of the true owner—alleged to be the succession of Benjamin Mason—but in the name of Mrs. B. Mason.

Other nullities were set up in the petition against the tax sale, but they all seem to be abandoned except the one above mentioned—the illegal assessment.

The answer avers that the assessment was correct, that Mrs. B. Mason was the owner of the property and in possession thereof by virtue of its adjudication to her at succession sale in 1860, as above-mentioned.

There was judgment for the plaintiff, and defendant has appealed.

We find that Mrs. Mason was in possession of this property as owner from the date of the probate sale, in 1860, till the tax sale, in 1884. It is true that no deed or *proces verbal* of sale is found in the record, conveying the title to her, but an examination of the proceedings in the administration of the succession of Benjamin Mason satisfies us that such adjudication did take place.

This property appears on the inventory of the succession.

We find, also, an order of court, directing the sale of all the real estate belonging to the succession.

The account of the administrator, filed subsequently, shows that the sale was made. This account further states that a part of the real estate was sold for cash ; that the price was not paid in, and he credits himself with the amount of same—$800.

Next appears a written acknowldgement from the Widow Mason, as natural tutrix, that she had not paid in the $800—her bid on the property adjudicated to her at probate sale, together with a receipt to the administrator for the balance in his hands derived from the sale of the property after payment of the debts.

The account further shows that the debts of the succession were paid in full without this $800, and that there was a balance in his hands—being the same balance receipted for by the surviving widow and tutrix.

We find in the record the deed to the other lands sold at the same time to the other purchasers at said sale, and these deeds embrace all the lands belonging to the succession, and described in the inventory, except the property is dispute in this suit. All the real estate having been disposed of at said sale, as stated, and the deeds in the record embracing all the real estate inventoried, except this particular piece in controversy, and a part of this real estate having been proved by the administrator's account and Mrs. Mason's acknowledgment and receipt to have been adjudicated to her, it necessarily results that it could have been no other than the identical property in suit that was bought by Mrs. Mason—property which, as before stated, she held possession of as owner from the 29th of March, 1861, date of succession sale, till it was sold for taxes in 1884.

It is, however, urged that the fact that the price of adjudication was

not paid by Mrs. Mason, of itself vacated or avoided the sale, and that the title to the property never passed to the adjudicatee, but remained in the succession.

It might be a sufficient answer to all this to say that, as the question at issue is not the validity of a succession sale, as between the purchaser at such sale and the heirs of the succession under proper pleadings, but only the question of the legality of an assessment, it is not required of the officer charged with the assessment, that before making it, he should constitute himself a judge of the validity or invalidity of the judicial proceeding upon which the title to the property purports to rest, but that the fact of possession for many years as owner, under an adjudication, would alone suffice to guide and determine him in making the assessment as relates to the ownership of the same.

Be this as it may, however, we have no hesitation in saying that where the widow in community makes a purchase at probate sale of community property—being at the same time usufructuary and tutrix of the minor heirs of the succession—she is not required to pay over the price of the adjudication where the same is not needed to discharge the debts of the succession. In such case she is entitled to withhold the price. It would certainly be a vain thing and a meaningless formality for her to pay over the amount to the administrator and then take it back again. 12 Ann. 337; 24 Ann. 336; 30 Ann. 120; Cochran vs. Violett, recently decided and not yet reported, and authorities therein cited.

In this instance, as before stated, the price at which the property was adjudicated to the surviving widow, was not needed to pay debts, and was properly retained by her.

It sufficed that the proper receipts passed between her and the succession's representative; which was done.

These considerations lead us to the conclusion that the judgment appealed from was erroneous.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and that plaintiffs' demand be rejected, with costs in both courts.